IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ROBERT CAWTHON,                )
                               )
    Plaintiff,                 )
                               )
v.                             ) CIVIL ACTION 10-0044-WS-M
                               )
DOLGENCORP, LLC,               )
                               )
    Defendant.                 )

### ORDER

This matter is before the Court on the defendant's motion for summary judgment. (Doc. 30). The parties have submitted briefs and evidentiary materials in support of their respective positions, (Docs. 30, 31, 33, 34), and the motion is ripe for resolution. After carefully considering the foregoing and other relevant material in the file, the Court concludes that the motion for summary judgment is due to be granted.

### BACKGROUND

According to the amended complaint, the plaintiff was a business invitee at the defendant's Dollar General store in Flomaton, Alabama on March 17, 2008. While there, he "fell over an unkept exposed end cap at the end of an aisle and injured himself." (Doc. 8 at 2). The plaintiff asserts claims for negligence and wantonness, both under a "premises liability" standard. (*Id*. at 2-3).

The defendant argues primarily that the plaintiff cannot create a genuine issue of material fact as to whether his fall was caused by a dangerous condition. The defendant also argues that any such condition was open and obvious and that the plaintiff has no evidence to support his wantonness claim.

## DISCUSSION

The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2).

Summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991). "If the party moving for summary judgment fails to discharge the initial burden, then the motion must be denied and the court need not consider what, if any, showing the non-movant has made. [citation omitted] If, however, the movant carries the initial summary judgment burden ..., the responsibility then devolves upon the non-movant to show the existence of a genuine issue of material fact." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116 (11th Cir. 1993). "If the nonmoving party fails to make 'a sufficient showing on an essential element of her case with respect to which she has the burden of proof,' the moving party is entitled to summary judgment." *Clark*, 929 F.2d at 608 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)) (footnote omitted); *see also* Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may … consider the fact undisputed for purposes of the motion ….").

"There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment." *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995). Accordingly, the Court limits its review to those arguments the parties have expressly advanced.

The allegation in the amended complaint notwithstanding, the plaintiff does not know what caused him to trip and fall. When asked what he hung his foot on, the plaintiff testified, "It was the counter or some sort of protrusion or something. I don't really know. Because after I fell down, I was hurting and I really wasn't looking to see."

(Plaintiff's Deposition at 28). That is, the plaintiff did not see what caused him to fall, either before or after he fell. The plaintiff was asked again if he knew what he hung his foot on, and he responded, "Not other than part of the counter, I would think. But I don't really know. But I'm sure it would have had to have been part of the counter, because that's the only thing that was there." (*Id*. at 40). That is, the plaintiff does not know what caused him to fall but assumes it was the counter because he didn't notice anything else in the area.[1]

In order to recover in a premises liability action governed by Alabama law, the plaintiff "must prove that h[is] fall resulted from a defect or instrumentality located on the premises, that the fall was a result of the defendants' negligence, and that the defendants had or should have had notice of the defect or instrumentality before the accident." *Logan v. Winn-Dixie, Inc*., 594 So. 2d 83, 84 (Ala. 1992). The plaintiff must offer more than speculation as to what caused his fall in order to survive summary judgment. *E.g., id.*; *accord Ex parte Martin Distributing Co*., 769 So. 2d 313, 315 (Ala. 2000) ("Alabama juries are not permitted to speculate as to the cause of an accident.").

The defendant cites several premises liability cases comparable to this one in which the Alabama appellate courts ruled that the plaintiff's evidence as to why she fell failed to rise above the speculative, requiring entry of summary judgment. In *Logan*, the plaintiff testified she did not know what caused her to slip but suggested it might have been wet paint, since she found yellow paint on her shoe after she returned home from the emergency room. 594 So. 2d at 84. The Court ruled that, without evidence the ramp where she fell had been painted that day, her theory of her fall remained speculative. *Id*. at 85.

In *Martin Distributing,* the plaintiff fell in the area of a sidewalk, curb and wheelchair ramp. 769 So. 2d at 314. The plaintiff testified she did not see what she

---

[1] The plaintiff does not recall any merchandise or liquid on the floor in the area where he hung his foot. (Plaintiff's Deposition at 40, 46, 48).

tripped on but thought it was the curb because "[t]here was nothing else there." *Id*. at 315. The Court ruled that this testimony did not create a jury issue as to whether a defect in the ramp caused the plaintiff's accident but that "the cause of her fall is a matter of pure speculation." *Id*.

In *Ervin v. Excel Properties, Inc.*, 831 So. 2d 38 (Ala. Civ. App. 2002), the plaintiff fell while descending stairs. She testified that it felt as if something grabbed her heel, causing her body to twist and her to fall. *Id*. at 41. She did not know what her foot hit, and she did not see anything on the steps (including loose concrete or loose metal that apparently had been there at some point), but she was sure her foot struck something. *Id*. at 42. The Court noted that the plaintiff "was not certain" what caused her to fall and that she had no evidence that the cause was a condition of the steps. Under these circumstances, the plaintiff relied only on speculation, and her evidence did not "suppor[t] an inference that a defective condition of Excel's steps caused Ervin's fall." *Id*. at 45.

In *Shanklin v. New Pilgrim Towers, L.P.*, 2010 WL 2571350 (Ala. Civ. App. 2010), the plaintiff fell as she went to step into an elevator at the defendant's independent living facility. *Id*. at *2. The resident assistant heard the fall and came to the elevator, where she saw that the elevator was "misleveled" two or three inches. *Id*. A visitor to the facility, who was headed to the elevator when the plaintiff fell, quickly reached the scene and observed that the elevator was misleveled some five or six inches. *Id*. The Court nevertheless ruled that, because the plaintiff testified she did not know what caused her to fall, she impermissibly relied on speculation and thus failed to create a genuine issue of material fact. *Id*. at *6. With respect to the testimony of the visitor and the resident assistant, the Court stated that, because they did not witness the fall, their observations that the elevator was misleveled moments after the accident was insufficient to create a fact issue as to whether it was misleveled when the plaintiff entered the elevator. *Id*.

The plaintiff's evidence here falls comfortably within that offered by the losing plaintiffs in the cases on which the defendant relies. The plaintiff does not know what caused him to fall and has no witnesses that saw him fall. Instead, he surmises that the counter caused him to fall "because that's the only thing that was there." As in *Martin Distributing*, this extrapolation does not rise above the speculative.

The use of evidence "to support one inference more than another, when in fact it will support both with equal plausibility, becomes mere conjecture and speculation." *Springfield Missionary Baptist Church v. Wall*, 993 So. 2d 469, 476 (Ala. Civ. App. 2008 (internal quotes omitted); *accord Martin Distributing*, 769 So. 2d at 315. The plaintiff's evidence that he fell in the area of a counter may support an inference that he tripped over the counter, but it supports with equal plausibility the inference that he "simply stumbled or tripped for no apparent reason." *Shanklin*, 2010 WL 2571350 at *6. It is necessarily speculative under the cited authorities.

The plaintiff objects that it is not fair to penalize him for not noticing what caused him to fall, since he was hurting after his fall. (Doc. 33 at 6). All of the plaintiffs in the defendant's cases were hurting after they fell, but the courts give no indication that this somehow permits a plaintiff to avoid summary judgment by relying on speculation. At any rate, the plaintiff testified that, after falling, he lay on the floor on his side for several minutes and then sat on the floor with his back against the checkout counter, facing the adjacent area where he fell, until the ambulance arrived some 20 to 30 minutes after the accident, and he was sufficiently coherent during this interval to call his daughter by cell phone. (Plaintiff's Deposition at 29, 33, 50, 52). He certainly had ample opportunity to notice what caused him to fall.

The plaintiff next offers without explanation a forgiving definition of causation, which he apparently believes trumps the law concerning speculation. (Doc. 33 at 5). Because the definition on which the plaintiff relies is not drawn from the premises liability arena, it is inapposite and cannot counter the defendant's premises liability cases and their utilization of speculation principles.

Finally, the plaintiff points to photographs taken by the defendant, apparently on the day of the accident, as showing a possible mechanism by which he was injured. Those photographs, taken of the area in which the plaintiff says he fell, show a table with boxes and other merchandise on top and small plastic crates on the floor beneath the table, with what appear to be packaged bed coverings on the crates. (Doc. 30, Exhibit 2). According to the plaintiff, these photographs "clearly show the merchandise under the counter [table] that 'hung' Mr. Cawthon's foot." (Doc. 33 at 6). The photographs, however, do not show either the crates or the bed coverings protruding out from the table – the plaintiff himself admits the merchandise is "under" the table. The fact remains that the plaintiff is merely speculating – now in brief – as to what caused him to fall.

## CONCLUSION

Because the plaintiff cannot show the existence of a genuine issue of material fact as to the cause of his fall, it is unnecessary to consider the defendant's other arguments in support of its motion. For the reasons set forth above, the defendant's motion for summary judgment is **granted**. Judgment shall be entered accordingly by separate order.

DONE and ORDERED this 2nd day of March, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE